CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 08 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GEORGE R. WHITFIELD, | ) | Civil Action No. 7:09-cv-00194 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPARTMENT OF | ) | By: Hon. Jackson L. Kiser |
| CORRECTIONS, et al., | ) | Senior United States District Judge |
| Respondents. | ) | |

George R. Whitfield, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the condition of his confinement ordered by the April 27, 2009, ruling of the Keen Mountain Correctional Center Institution Hearing Officer ("IHO"), who convicted him of simple assault upon an offender (#239B). This matter is before me for screening. After reviewing Whitfield's submissions, I dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases because it is clear from the petition that Whitfield is not entitled to relief.

I.

Whitfield's sole complaint is that he was not "provided a staff advisor to assist [him] during the penalty offer phase" of a disciplinary hearing. (Pet. 3.) Staff charged Whitfield with simple assault on another inmate, and Whitfield had a hearing before the IHO. The IHO found him guilty and imposed twenty days of isolation as punishment. Whitfield appealed, and the IHO's decision was affirmed. Whitfield alleges that the defendants violated his Fourteenth Amendment due process rights by holding the hearing without the presence of a staff advisor to assist him, contravening the institution's Inmate Discipline Procedure 861.1.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interests, such as earned good conduct time, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate is only entitled to these procedural protections when the conviction results in the loss of statutory good time credits or where some other liberty or property interest is at issue. Id. Whitfield does not allege that his disciplinary conviction for simple assault resulted in the loss of statutory good time credits or property, and thus, Whitfield was not entitled to Wolff's procedural protections at his disciplinary hearing.[1] Although inmates have a right to be free of arbitrary punishment, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Moreover, an inmate does not have a constitutional right to be placed in a specific

---

[1] Nevertheless, Whitfield's allegations establish that he was afforded the due process protections described in Wolff, which does not mandate that a staff member assist an inmate as Whitfield requested.

2

security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life...." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Whitfield's classification clearly does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life, because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due

process right"); Jackson v. Smith, 91 F.3d 130 (Table) [published in full-text format at 1996 U.S. App. LEXIS 15601], 1996 WL 380254 (4th Cir. 1996) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process protected liberty interest).

Therefore, Whitfield fails to allege facts indicating that he has been deprived of any federally protected interest without due process. Accordingly, Whitfield's petition does not state nor implicate any constitutional violation, and I dismiss his petition.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing § 2254 Cases.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 8th day of June, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge

4